GARY M. RESTAINO
United States Attorney
District of Arizona

SHEILA PHILLIPS
Assistant United States Attorney
Michigan State Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: sheila.phillips2@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 2 3 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**REDACTED FOR
PUBLIC DISCLOSURE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.    CR-23-00818-PHX-DGC (MTM) |
| Plaintiff, | **INDICTMENT** |
| vs. | VIO:    18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) (Dealing Firearms without a License) Count 1 |
| 1. Nicolas Carrillo, and (Counts 1 – 48) | 18 U.S.C. §§ 922(a)(6) and 924(a)(2) (Material False Statement During the Purchase of a Firearm) Counts 2 - 50 |
| 2. Mariana Magdaleno Torres, (Counts 49 – 50) | |
| Defendants. | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

**COUNT 1**

On or between April 2021 through April 2023, in the District of Arizona, Defendant NICOLAS CARRILLO, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

//

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

### COUNTS 2-50

On or about the dates listed below, in the District of Arizona, Defendant NICOLAS CARRILLO knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant NICOLAS CARRILLO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating that he was the actual buyer or transferee of the firearm, and was not buying the firearm on behalf of another person, whereas in truth and fact, Defendant NICOLAS CARRILLO knew that he was buying the firearm on behalf of another person:

| Count | Date | FFL | # Firearms |
|---|---|---|---|
| 2 | 1/3/2021 | Tombstone Tactical LLC | 1 |
| 3 | 3/5/2022 | Bear Arms Studio | 1 |
| 4 | 3/8/2022 | Tombstone Tactical LLC | 1 |
| 5 | 3/25/2022 | Tombstone Tactical LLC | 1 |
| 6 | 4/7/2022 | Tombstone Tactical LLC | 1 |
| 7 | 4/8/2022 | Tactical Studio LLC | 1 |
| 8 | 4/12/2022 | Tactical Studio LLC | 1 |
| 9 | 4/12/2022 | Tactical Studio LLC | 1 |
| 10 | 4/21/2022 | Tactical Studio LLC | 1 |

| 11 | 4/25/2022 | Tombstone Tactical LLC | 1 |
|---|---|---|---|
| 12 | 4/26/2022 | Tactical Studio LLC | 1 |
| 13 | 5/2/2022 | Bear Arms Studio | 1 |
| 14 | 5/3/2022 | Tactical Studio LLC | 1 |
| 15 | 5/4/2022 | Tactical Studio LLC | 1 |
| 16 | 5/10/2022 | Tactical Studio LLC | 2 |
| 17 | 5/12/2022 | Ammo AZ | 2 |
| 18 | 5/16/2022 | Tactical Studio LLC | 3 |
| 19 | 5/23/2022 | Ammo AZ | 2 |
| 20 | 5/25/2022 | Tombstone Tactical | 1 |
| 21 | 5/26/2022 | Tactical Studio LLC | 1 |
| 22 | 5/27/2022 | Tactical Studio LLC | 2 |
| 23 | 5/31/2022 | Tactical Studio LLC | 1 |
| 24 | 6/1/2022 | Tactical Studio LLC | 2 |
| 25 | 6/1/2022 | Tombstone Tactical | 1 |
| 26 | 6/11/2022 | Bear Arms Studio | 1 |
| 27 | 6/13/2022 | Bear Arms Studio | 1 |
| 28 | 6/16/2022 | Tactical Studio LLC | 2 |
| 29 | 6/17/2022 | Tactical Studio LLC | 3 |
| 30 | 6/18/2022 | Tactical Studio LLC | 1 |
| 31 | 6/24/2022 | Tactical Studio LLC | 2 |

| 32 | 7/1/2022 | Bear Arms Studio | 1 |
| 33 | 7/11/2022 | Tactical Studio LLC | 3 |
| 34 | 7/12/2022 | Ammo AZ | 1 |
| 35 | 7/12/2022 | Tactical Studio LLC | 1 |
| 36 | 7/16/2022 | Bear Arms Studio | 1 |
| 37 | 7/18/2022 | Tactical Studio LLC | 5 |
| 38 | 7/20/2022 | Tactical Studio LLC | 4 |
| 39 | 7/25/2022 | Tactical Studio LLC | 4 |
| 40 | 7/28/2022 | Tactical Studio LLC | 2 |
| 41 | 7/30/2022 | Tactical Studio LLC | 3 |
| 42 | 8/2/2022 | Tactical Studio LLC | 5 |
| 43 | 1/13/2023 | Tactical Studio LLC | 1 |
| 44 | 1/19/2023 | Tactical Studio LLC | 2 |
| 45 | 2/11/2023 | Tactical Studio LLC | 1 |
| 46 | 3/12/2023 | Lone Wolf Trading Co | 1 |
| 47 | 3/13/2023 | Tactical Studio LLC | 1 |
| 48 | 4/14/2023 | Lone Wolf Trading Co | 1 |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNTS 49-50

On or about the dates listed below, in the District of Arizona, Defendant MARIANA MAGDALENO TORRES knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were

intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant MARIANA MAGDALENO TORRES did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating that she was the actual buyer or transferee of the firearm, and was not buying the firearm on behalf of another person, whereas in truth and fact, Defendant MARIANA MAGDALENO TORRES knew that she was buying the firearm on behalf of another person:

| Count | Date | FFL | # Firearms |
|-------|------|-----|-----------|
| 49 | 4/8/2021 | QC Firearms | 1 |
| 50 | 3/7/2022 | Bear Arms Studio | 1 |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 50 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offense(s) alleged in Counts 1 through 50 of this Indictment, defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of the offense, and (b) any of defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property defendants is liable.

If any of the above-described forfeitable property, as a result of any act or omission of defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

_____/s/_____
FOREPERSON OF THE GRAND JURY
Date: May 23, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

_____/s/_____
SHEILA PHILLIPS
Assistant U.S. Attorney